Carlos Cisneros HERNANDEZ; Rocio Cisneros, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76674.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

Robert G. Berke, Esq., Berke Law Offices, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lisa M. Arnold, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Carlos Cisneros Hernandez and Rocio Cisneros, natives and citizens of Mexico, petition for review of the Board of Immi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

gration Appeals' order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's finding that the petitioners failed to establish the requisite continuous physical presence in the United States. *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004). We review de novo constitutional challenges. *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the agency's finding that Carlos failed to establish ten years of continuous physical presence because there are inconsistencies within his own testimony and between the documentary evidence regarding where he first lived upon entering the United States. *Cf. Lopez–Alvarado*, 381 F.3d at 851–52 (continuous physical presence established where corroborating evidence was particularly strong and nothing in the record contradicted the alien's claim).

The petitioners' due process contention is unavailing because the proceedings were not "so fundamentally unfair that [they] were] prevented from reasonably presenting [their] case." *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

It is uncontested that Rocio failed to demonstrate she had ten years of continuous physical presence in the United States. She nevertheless requests that if Carlos's case is remanded, her case also be remanded. Because we deny Carlos's peti-

tion for review, we deny Rocio's request as moot.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.